UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD HAYDEN, #285134,

                  Petitioner,

                                    CASE NO. 2:15-CV-12117
v.                                HONORABLE JOHN CORBETT O'MEARA

CATHLEEN STODDARD,

                  Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Michigan prisoner Donald Hayden ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(a), and fourth-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520e(1)(a), following a jury trial in the St. Clair County Circuit Court. He was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to 20 to 30 years imprisonment on the third-degree conviction and to time served on the fourth-degree conviction in 2013. In his pleadings, Petitioner raises claims concerning the effectiveness of trial counsel and the scoring of the state sentencing guidelines.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary

consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, the Court concludes that the habeas petition lacks merit and must be denied.

## II.     Facts and Procedural History

Petitioner's convictions arise from his sexual assault of a teenage girl at his residence. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arose from a sexual assault on a 15-year-old female acquaintance. According to the testimony at trial, defendant, who was age 34, took the 15-year-old girl and her 17-year-old boyfriend to defendant's house to smoke marijuana. Defendant's cousin was in the house at the time. Defendant later asked to two minors to come to his detached garage to see a car that he owned. While in the garage, defendant sent the boyfriend to a store. Defendant told the girl to stay with him in the garage, ostensibly because she recently had foot surgery and was using crutches. After the boyfriend left, defendant sexually assaulted the girl in the garage.

*People v. Hayden*, No. 316758, *1 (Mich. Ct. App. Sept. 23, 2014) (unpublished).

-2-

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The Michigan Court of Appeals denied relief and affirmed his convictions and sentences. *Id*. at *1-3. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hayden*, _ Mich. _, 862 N.W.2d 219 (2015).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.    [He] was denied his Sixth Amendment right to the effective assistance of counsel where counsel opened the door to highly prejudicial testimony.

II.   The trial court's scoring of fifteen points for Offense Variable 8 was an abuse of discretion which placed [him] in a higher grid than supported by the record; resentencing is required.

Pet., pp. 8, 10.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, this Court must presume the correctness of state court

-3-

factual determinations.  28 U.S.C. § 2254(e)(1).

## IV.    Discussion

### A.    Ineffective Assistance of Counsel Claim

Petitioner first asserts that he is entitled to habeas relief because trial counsel was ineffective for eliciting certain testimony from prosecution witness Roberta Moley during cross-examination. The Michigan Court of Appeals described the issue as follows:

> Defense counsel asked Moley about a "falling out" with defendant. Moley responded that she ceased contact with defendant because of "a situation that had come up with my minor child that I did not agree with and how it was addressed and that was the end of it. I was not putting my children in danger." Defendant maintains that Moley's response was prejudicial, and that defense counsel should not have asked Moley about the "falling out."

*Hayden*, No. 316758 at *1.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  *Id.* at 690. A reviewing court's scrutiny of counsel's performance is highly deferential and counsel is strongly presumed to have made decisions in the exercise of reasonable professional judgment.  *Id.* at 689-90.  To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability

-4-

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that undermines the court's confidence in the outcome. *Id.*

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.*

Applying the *Strickland* standard, the Michigan Court of Appeals found that trial counsel's conduct in cross-examining Roberta Moley was sound trial strategy and denied relief on this claim. *Hayden*, No. 316758 at *2-3. The court explained in relevant part:

> In this case, defendant has not demonstrated that his counsel's cross-examination of Moley was ineffective. On direct examination, Moley had testified that defendant got "intoxicated and high" with the complainant and the complainant's mother. Moley further testified that she had known defendant for 20 years, but that she had a falling out with him. From the context of defense counsel's cross-examination, it appears that his decision to ask Moley about the falling out was a matter of trial strategy, to indicate to the jury that she was biased against defendant. This strategy was not objectively unreasonable. Moreover, Moley's testimony was not directly responsive to defense counsel's question. Defense counsel asked Moley a "yes or no" question, as follows:
>
> > Q: Okay. And you agree with me when you say a falling out, --
> >
> > A: Yes.
> >
> > Q: -- there was a decision that at least you made unilaterally there was just going to be no more contact and things of that nature?

-5-

Moley responded as follows:

> A:      There was going to be no more contact under one condition and the only reason why is there was a situation that had come up with my minor child that I did not agree with and how it was addressed and that was the end of it. I was not putting my children in danger.

> Once Moley presented this answer, defense counsel's decision regarding whether to raise an objection was also a matter of strategy. Raising an objection could have drawn the jury's attention to Moley's answer. As our Supreme Court has noted, "[T]here are times when it is better not to object and draw attention to an improper comment." *People v Bahoda*, 448 Mich 261, 282 n 54; 531 NW2d 659 (1995). Moreover, Moley's testimony was vague, and she did not offer details regarding the "situation." Under the circumstances, counsel reasonably may have decided that it was preferable not to object. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it use the benefit of hindsight when assessing counsel's competence. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Defendant has not overcome the presumption that counsel's strategy was sound.

*Id*.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Trial counsel's conduct in questioning Roberta Moley about her "falling out" with Petitioner was a reasonable trial strategy to challenge Moley's credibility and to show that she was biased against Petitioner. Additionally, once Moley gave her response, counsel may have reasonably decided not to object to her testimony in order to avoid drawing attention to her answer. This made particular sense given that her answer was vague and seemingly unrelated to the charges at hand. The fact that trial counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Petitioner fails to allege facts or otherwise demonstrate that trial counsel's conduct was anything less than reasonable under the

-6-

circumstances of this case.  He thus fails to establish that trial counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted on this claim.

### B.        Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because the state trial court erred in scoring Offense Variable 8 (victim asportation or captivity) of the state sentencing guidelines at 15 points.  The Michigan Court of Appeals found that the trial court properly scored OV-8 at 15 points based upon the fact that Petitioner drove the victim and her boyfriend to his home, took them to a detached garage, sent the boyfriend to the store leaving the victim alone with him, and moved the victim's crutches away from her limiting her ability to move and denied relief on this claim. *Hayden*, No. 316758 at *3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentence is within the statutory maximum of 30 years imprisonment.  *See* MICH. COMP. LAWS §§ 750.520d (establishing a 15-year maximum for third-degree criminal sexual conduct); 769.11 (allowing that sentence to be doubled for a third habitual offender).  Consequently, it is insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that the trial court erred in scoring Offense Variable 8 is not cognizable on habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir.

-7-

2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). An alleged error in scoring Offense Variable 8 and determining the sentencing guideline range does not justify federal habeas relief.

Moreover, to the extent that Petitioner contests the state court's interpretation of state law regarding Offense Variable 8 and the application of that law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner fails to state a claim upon which relief may be granted as to this issue. Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.

-8-

28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: July 1, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 1, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

-9-